**Andrew E. JOHNSON, et al., Plaintiffs,**

v.

**Sandra MORTHAM, etc.,
et al., Defendants.**

**No. TCA 94–40025–MMP.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Dec. 12, 1995.

Gerald J. Sullivan, Jr., Sullivan & Boyd, Jacksonville, FL, for plaintiffs.

George L. Waas, Attorney General's Office, Tallahassee, FL, Brenda Wright, pro hac vice, Jackqueline A. Berrien, pro hac vice, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Gerald B. Curington, General Counsel, House of Representatives, Tallahassee, FL, for Jim Smith.

Stephen N. Zack, pro hac vice, Stephen N. Zack, Miami, FL, Brenda Wright, pro hac vice, Jackqueline A. Berrien, pro hac vice, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Gerald B. Curington, General Counsel, House of Representatives, Tallahassee, FL, for Pat Thomas.

Richard A. Hixson, Richard A. Hixson P.A., Tallahassee, FL, Thomas R. Tedcastle, Florida House of Representatives, Tallahassee, FL, Stephen N. Zack, pro hac vice, Miami, FL, Brenda Wright, pro hac vice, Jackqueline A. Berrien, pro hac vice, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Gerald B. Curington, B. Elaine New, General Counsel, House of Rep-

resentatives, Tallahassee, FL, for Bolley L. Johnson.

George L. Waas, Atty. General's Office, Tallahassee, FL, David Alan Tepper, David A. Tepper, P.A., Tallahassee, FL, for Sandra Mortham.

Brenda Wright, pro hac vice, Lawyers' Committee for Civil Rights Under Law, Washington, DC, for Frank Cummings, Bishop, Samuel L. Green, Sr., Reverend, Leonard O'Neal, Glynell Presley, Mary Lawson Brown, Samuel L. Green, Sr.

Rodney G. Gregory, Rodney G. Gregory, P.A., Jacksonville, FL, J. Gerald Hebert, pro hac vice, J. Gerald Hebert, P.A., Alexandria, VA, for Corrine Brown, Congresswoman.

Charles G. Burr, Charles G. Burr, P.A., Tampa, FL, for Florida State Conference of NAACP Branches.

Before HATCHETT, Circuit Judge,
PAUL, Chief District Judge, and VINSON, District Judge.

### SCHEDULING ORDER

PAUL, Chief Judge.

This cause comes before the Court on Defendant–Intervenors' emergency motion to extend discovery for 120 days (Doc. 92). Plaintiffs have filed a response (Doc. 94). Defendant–Intervenors' motion is DENIED.

The instant case has been pending since January 18, 1994. Defendant–Intervenor United States, which joins in the motion to extend discovery, was allowed to intervene on July 18, 1994 (Doc. 44). As a result, the original named Defendants and Defendant–Intervenor United States have had nearly SEVENTEEN (17) MONTHS to engage in discovery of all relevant issues, including whether Florida's Third Congressional District passes strict scrutiny. It is simply incomprehensible for Defendant–Intervenor United States to now join with the other intervenors in their assertion that "thirty days is plainly insufficient to permit adequate investigation of the facts, [and] to conduct discovery...." (Doc. 92 at 3).

Moreover, at the October 19, 1995 hearing, counsel for one of the Defendant–Interve-

nors, the NAACP, represented to the Court that "[t]he organization is prepared to move forward and participate *without causing any delay in discovery or otherwise.*" Oct. 19, 1995 Hr'g Tr., Doc. 90 at 23 (emphasis added). In granting the motions to intervene, the Court expressly considered whether permitting such intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b). In fact, if the intervenors had attempted to protract these proceedings by extending discovery until March, 1996, thereby precluding a trial on the merits until at least April, 1996, the Court would have been remiss in granting their motions to intervene. *See, e.g., Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir. 1984) (per curiam); *United States v. South Bend Community Sch. Corp.,* 692 F.2d 623, 628–29 (7th Cir.1982).

The Court concludes that, in light of the impending 1996 congressional elections, further delaying these proceedings would unduly prejudice the timely adjudication of the rights of the original parties to this action. IN NO EVENT SHALL ANY PRE-TRIAL MATTERS FURTHER DELAY THESE PROCEEDINGS.

Accordingly, it is hereby

### ORDERED AND ADJUDGED:

(A) Defendant–Intervenors' motion to extend discovery 120 days (Doc. 92) is DENIED.

(B) It is the intention of this Court to reach a "just, speedy, and inexpensive determination" of this action. [*See* Rule 1, Fed. R.Civ.P.] To accomplish that purpose, and in accordance with Rules 16 and 26 of the Federal Rules of Civil Procedure, it is ORDERED as follows:

(1) *Discovery Period.* The parties are directed to conduct discovery so that the due date of any discovery requested shall not be later than *January 15, 1996.* The conduct of any discovery which would require a later due date shall be permitted only on order of the Court. No extension of time will be granted except for good cause and upon showing of diligence during the initial discovery period. [See Local Rule 6.1] The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph.

**(2) *Rule 26(a)(1) Disclosures.*** The disclosures required by Rule 26(a)(1) shall be provided (unless otherwise stipulated), without awaiting a discovery request, to all other parties within **14 days from the date of this order.**

**(3) *Rule 26(a)(2) Disclosures.*** Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made within **21 days from the date of this scheduling order.** Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

**(4) *Rule 26(a)(3) Disclosures.*** Rule 26(a)(3) disclosures shall be made no later than **January 22, 1996.**

**(5) *Interrogatories and Requests for Admissions.*** The combined total interrogatories and requests for admissions from one party to another party shall not exceed Fifty (50) in number, including sub-parts. The limitation of Rule 33(a), Federal Rules of Civil Procedure, shall not apply. [*See* Local Rule 26.2(c) ]

**(6) *Requirements Waived.*** The meeting and report requirements of Rule 26(f), and the pretrial conference required by Rule 16(b), Federal Rules of Civil Procedure, are waived.

**(7) *Summary Judgment Motions.*** Motions for summary judgment shall be filed and served as promptly as possible, but, unless otherwise permitted by court order, **not later than 7 days after the close of discovery.** Any motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the Court to readily locate and check the source.

The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party. [*See* Local Rule 56.1(B) ]

All responses to a summary judgment motion must be served and filed **within 7 days after the motion was served.** All such motions, memoranda, and responses shall be faxed to all other parties at the time of, or prior to, filing, in addition to regular service by other means, in order to meet the tight time schedules set out herein. Motions for summary judgment will be taken under advisement by the Court 14 days after the motion is filed or 7 days after the responsive memorandum is required to be filed, whichever is later. Parties are required to file and serve affidavits and any other documents or materials authorized to be filed under the Federal Rules of Civil Procedure prior to the advisement date. No separate hearing is anticipated.

**(8) *Motions.*** Motions may be disposed of without hearing [*See* Local Rule 7.1(D).] If the rules and this order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings must be served and filed within the period provided for the completion of discovery.

**(9) *Trial.*** A bench trial is SCHEDULED in this matter for the trial term beginning **Monday, February 19, 1996,** at 9 a.m. at the United States Courthouse in Tallahassee, Florida. The parties can anticipate the trial to last 3–5 days. **No motions for continuance shall be entertained.**

**(10) *Amendments.*** This order may be amended by the Court on its own motion or upon motion of any party.

**DONE AND ORDERED.**

Vinson, J., concurred.

HATCHETT, Circuit Judge, dissenting:

Last week, on December 5, 1995, the Supreme Court entertained oral argument in *Bush v. Vera,* —— U.S. ——, 115 S.Ct. 2639, 132 L.Ed.2d 877 (1995) and *Shaw v. Hunt,* —— U.S. ——, 115 S.Ct. 2639, 132 L.Ed.2d 878 (1995). The Court's resolution of those cases will dictate how this court must proceed in this action. Accordingly, I would stay these proceedings pending the outcome of *Vera* and *Shaw.* The majority's decision to the contrary gambles with this court's and the litigants' time and resources.

In the alternative, I would grant the defendant-intervenors' motion and extend the discovery period to 120 days. First, as the constitutional fate of a congressional district lies in the balance, this is obviously an important lawsuit. Not only is this one of the first post-*Miller v. Johnson,* —— U.S. ——, 115 S.Ct. 2475, 132 L.Ed.2d 762 (1995) cases, but it is also the first case to apply *Miller* to a congressional district drawn by a federal court. Thus, this court must proceed cautiously and allow the parties to litigate this action thoroughly. Indeed, the Supreme Court directs us to exercise "extraordinary caution" in adjudicating equal protection challenges to congressional districts. *Miller,* —— U.S. at ——, 115 S.Ct. at 2488.

Second, as the defendant-intervenors' motion indicates, this is a case of great complexity. Although I disagree, the majority has held that the defendant-intervenors have the burden of showing that the Third District is narrowly tailored to serve a compelling interest. As a result, in discovery the defendant-intervenors will have to inquire into, among other things: (1) the present effects of past discrimination in the Third District; (2) the existence of racially polarized voting in the Third District; (3) Florida's history of racial discrimination; (4) the redistricting principles Florida traditionally employs; and (5) the propriety of the Third District in light of alternative remedies. The defendant-intervenors will have to resolve these broad and complex inquiries with the aid of expert testimony. The majority's order, however, provides the defendant-intervenors with an in-

sufficient amount of time (less than two months) to develop these factual issues; therefore, the order impairs the defendant-intervenors' ability to obtain a full and fair trial on the merits.*

Finally, the defendant-intervenors' proposed extension of the discovery period is eminently reasonable. In *Shaw v. Hunt,* 861 F.Supp. 408, 420 (E.D.N.C.1994), *probable jurisdiction noted by,* —— U.S. ——, 115 S.Ct. 2639, 132 L.Ed.2d 878 (1995), the three-judge court granted the parties "approximately four months of discovery" before proceeding to trial on the strict-scrutiny inquiry.

In sum, I believe this court should not proceed in this action until the Supreme Court has spoken in *Vera* and *Shaw.* In the alternative, given the importance and complexity of this case, and the reasonableness of the proposed discovery extension, I would grant the defendant-intervenors' motion to extend the discovery period to 120 days.

---

\* The majority's contention that the original defendants and the Justice Department should have

engaged in discovery on the strict scrutiny issues from the outset of this lawsuit is unintelligible.